UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HELEN SUK,

             Plaintiff,

  -against-

TASTEMAKERS GLOBAL, INC.,

             Defendant.
-------------------------------------------------------X

REPORT AND
RECOMMENDATION

19 CV 6043 (RPK)(RML)

LEVY, United States Magistrate Judge:

       By order dated June 22, 2020, the Honorable Rachel P. Kovner, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons explained below, I respectfully recommend that plaintiff's motion be granted in part and denied in part.

## BACKGROUND AND FACTS

       On October 28, 2019, plaintiff Helen Suk ("plaintiff") commenced this copyright infringement action against defendant Tastemakers Global, Inc. ("defendant") as a result of defendant's alleged unauthorized reproduction and public display of two copyrighted photographs owned and registered by plaintiff. (Complaint, dated Oct. 28, 2019 ("Compl."), Dkt. No. 1, ¶¶ 1-2.) Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (See Affidavit of Service of Sharlene Ryan, sworn to Nov. 1, 2019, Dkt. No. 11, Ex. B.) Despite proper service, defendant has failed to appear or otherwise defend this action. (See Request for Certificate of Default, dated Feb. 24, 2020, Dkt. No. 7.) On February 24, 2020, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). (Id.) On March 3, 2020, the Clerk of the Court noted defendant's default. (See

Certificate of Default, dated Mar. 3, 2020, Dkt. No. 9.)  Plaintiff filed the instant motion for default judgment on May 18, 2020.  (Motion for Default Judgment, dated May 18, 2020, Dkt. No. 10.)  On June 22, 2020, Judge Kovner referred plaintiff's motion to me for report and recommendation.  (Order, dated June 22, 2020.)

Plaintiff is a professional photographer who licenses her photographs to online and print media for a fee, with a principal place of business in Toronto, Canada.  (Compl. ¶ 5.)  Defendant is a domestic business corporation that is duly organized and existing under the laws of Delaware, with its principal place of business in Brooklyn, New York.  (Id. ¶¶ 3, 6.)  Defendant owns and operates the website www.Tastemakersafrica.com (the "Website").  (Id. ¶ 6.)  Plaintiff asserts that she photographed, is the author of, and has at all times been the sole owner of all right, title, and interest, including the copyright, to two photographs of Zanzibar (the "Photographs") that appear on the Website.  (Id. ¶¶ 7-8.)

Plaintiff asserts that the Photographs were registered with the United States Copyright Office and were respectively given Copyright Registration Numbers VA 2-174-972 and VA 2-174-970.  (Id. ¶ 9.)  Plaintiff alleges that defendant ran an article that included the Photographs on the Website without licensing or obtaining permission or consent from plaintiff.  (Id. ¶¶ 10-11.)  Plaintiff has submitted a copy of the Photographs and a screenshot of the Photographs on the Website.  (See id., Exs. A, B.)  Plaintiff requests $5,000 in actual damages as well as $2,550.00 in attorney's fees and $440 in costs under the Copyright Act.  (See Declaration of Richard Liebowitz, Esq., dated May 18, 2020 ("Liebowitz Decl."), Dkt. No. 11, ¶¶ 15, 20; Statement of Damages, dated May 18, 2020 ("Statement of Damages"), Dkt. No. 12, ¶ 2.)

## DISCUSSION

I. STANDARD OF REVIEW

Upon default, defendants are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability, but not those pertaining to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007). The court must draw all reasonable inferences in plaintiff's favor and should grant a default judgment only if plaintiff's factual allegations, accepted as true, "establish [defendant's] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

II. LIABILITY

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (citation omitted); see also Yamashita v. Scholastic Inc., 936 F.3d 98, 104 (2d Cir. 2019) (same). The first element of a copyright infringement claim can be satisfied "by the introduction into evidence of a Copyright Office certificate of registration." Sheldon v. Plot Commerce, No. 15 CV 5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016) (internal quotation marks and citations omitted), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). In the Second Circuit, "a certificate of copyright registration is a prerequisite to asserting a civil copyright infringement claim." Sohm v. Scholastic Inc., 959 F.3d 39, 52-53 (2d Cir.

3

2020) (citing 17 U.S.C. § 411(a)). When introduced, a certificate of registration may serve as "*prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." Sheldon, 2016 WL 5107072, at *10 (internal quotation marks and citation omitted); see also 17 U.S.C. § 410(c). After the presentation of such a certificate, the burden of proof shifts to the defendant to prove the invalidity of the plaintiff's copyright; however, "in the context of a default judgment[,] a timely certificate is sufficient to establish validity." Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17 CV 5721, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019) (citations omitted), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

Here, plaintiff has submitted the certificates of registration for the Photographs; each bears an effective date of registration of October 15, 2019 and names plaintiff as the Photograph author and copyright claimant. (See Letter of Helen Suk, dated July 30, 2020, Dkt. No. 17, Exs. 1, 2.) I therefore find that plaintiff has established ownership of two valid copyrights.

To establish the second element of a copyright infringement claim, the "[p]laintiff must meet a 'minimal' burden to show that the Photograph is his [or her] original work and allege a violation of his [or her] exclusive rights under § 106." Pasatieri v. Starline Prods., Inc., No. 18 CV 4688, 2020 WL 207352, at *2 (E.D.N.Y. Jan 14, 2020) (quoting Sheldon, 2016 WL 5107072, at *11). In the context of copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Feist Publ'ns, 499 U.S. at 345 (citation omitted). "[T]he requisite level of creativity is extremely low" and "[t]he vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble

4

or obvious it might be." Id. (internal quotation marks and citation omitted). "For photographs, originality may be founded upon . . . [their] subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." Pasatieri, 2020 WL 207352, at *2 (citation and quotation marks omitted).

Plaintiff alleges that defendant violated her exclusive rights under § 106 by reproducing and publicly displaying the Photographs on defendant's Website. (Compl. ¶¶ 13-14); see also Korzeniewski, 2019 WL 312149, at *6 (finding that plaintiff's allegation that defendant reproduced and displayed plaintiff's image without plaintiff's consent was enough to establish that defendant violated plaintiff's exclusive rights in the image). Moreover, the originality of the Photographs can be inferred from plaintiff's claim that she is the Photographs' author. See id. (finding that plaintiff's allegation that he was the sole creator of the "original and unique" image was sufficient to establish originality). Given the minimal burden required to establish infringement of original work, I find that plaintiff has also established the second element of a copyright infringement claim.

### III. DAMAGES

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible to mathematical computation." John Hancock Life Ins. Co. v. Perchikov, No. 04 CV 98, 2010 WL 185007, at *3 (E.D.N.Y. Jan. 15, 2010) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Where, as here, the defendants have never appeared, "the Court's determination [of damages] is based solely on plaintiff's submissions." Gilbert v. Hotline Delivery, No. 00 CV 0160, 2001 WL 799576, at *2 (S.D.N.Y. July 10, 2001). "As long as there is a sufficient basis

5

from which to evaluate the fairness of the sum awarded, a court may rely upon detailed affidavits and documentary evidence to determine damages." In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1160 (E.D.N.Y. 1996) (citation and quotation marks omitted).

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. §504(a). Plaintiff has elected to recover actual damages and additional profits of the infringer. (Liebowitz Decl. ¶¶ 15-19.) Pursuant to Section 504(b), plaintiff seeks a total award of $5,000 in damages. (See Statement of Damages ¶ 2; 17 U.S.C. §504(b).)

    A. Actual Damages

"The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." Sheldon, 2016 WL 5107072, at *14 (citation omitted). Because it can be "unreasonable to expect plaintiff's [sic] to be able to calculate the actual damages they have suffered – particularly in default cases," id., "courts have adopted a wide range of methods by which to measure actual damages in copyright infringement actions, including the award of lost licensing fees." Antenna Television v. Aegean Video Inc., No. 95 CV 2328, 1996 WL 298252, at * 1 (E.D.N.Y. 1996) (citations omitted). To be awarded actual damages based on lost licensing fees, it is not sufficient to merely show the amount the copyright owner "would have charged." On Davis v. The Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001). Plaintiff's "claim for actual damages must also be *reasonable* according to typical market values." Pasatieri, 2020 WL 207352, at *4 (internal quotations and citations omitted) (emphasis in original). The amount of claimed damages must be based on fact, not "undue speculation." On Davis, 246 F.3d at 163 (internal

6

quotation and citation omitted). In other words, there must be "some reasonable basis for [the] computation" even if "the calculation [of actual damages] may only be approximate." Renna v. Queens Ledger/Greenpoint Star Inc., No. 17 CV 3378, 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019) (internal quotation and citation omitted), report and recommendation adopted, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019).

In the instant case, plaintiff is seeking $2,500 in actual damages for lost licensing fees. (See Statement of Damages ¶ 4.) While plaintiff correctly notes that "the fair market value of the Photographs is what Plaintiff would have been reasonably entitled to charge had Defendant contacted her to obtain permission," plaintiff provides no reasonable basis for her estimate that she would be "entitled to charge upwards of $1,250" for the use of each of the Photographs. (See id. ¶¶ 3-4.) Indeed, the only foundation for the claimed fees consists of two identical, unsubstantiated assertions found in plaintiff's Statement of Damages and the declaration of plaintiff's counsel. (See Statement of Damages ¶ 4; Liebowitz Decl. ¶ 17.) Absent an affidavit or other documentary evidence, the court is unable to meaningfully evaluate whether the claimed licensing fees are reasonable according to typical market values. As other courts in this circuit have recently concluded in strikingly similar cases brought by plaintiff's counsel, I find that plaintiff's nominal showing of lost licensing fees is far too speculative of a basis upon which to award actual damages. See, e.g., McDermott v. NYFirestore.com, Inc., No. 18 CV 10853, 2020 WL 2765045, at *3 (S.D.N.Y. May 28, 2020); Pasatieri, 2020 WL 207352, at *3-5; Renna, 2019 WL 1061259, at *4.

B. Defendant's Profits

Under section 504(b), plaintiff can also recover "profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."

7

17 U.S.C. §504(b).  To obtain damages for the infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue. . . ." Id.

Plaintiff requests a total of $5,000 in damages but has not specified the amount she is seeking to recover for defendant's profits.  (See Statement of Damages ¶ 2.)  Since plaintiff claimed $2,500 in actual damages for lost licensing fees, the logical inference is that plaintiff intended to claim the remaining $2,500 in damages for defendant's profits from infringement.  (See id. ¶¶ 3-6.)  Aside from citing to general principles in the case law, plaintiff has provided no information from which the court could reliably ascertain defendant's gross revenue.  (See id. ¶¶ 5-6).  "The Court recognizes that the type of evidence relevant to the infringer's profits is most likely in the possession of the Defendant, who has not appeared in this action.  However, this does not absolve Plaintiff of his [or her] statutory responsibility to make an evidentiary showing of the infringer's profits under 17 U.S.C. § 504(b) or otherwise enable the court to make a reasonable estimate." Eva's Photography, Inc. v. Alisa, LLC, No. 20 CV 01617, 2020 WL 2904848, at *2 (S.D.N.Y. June 3, 2020) (citations omitted).  Since plaintiff has failed to provide any evidence of defendant's profits, I find that there is no reasonable basis upon which to award damages.  See Cuffaro v. Fashionisto LLC, No. 19 CV 7265, 2020 WL 5077449, at *4-*5 (S.D.N.Y. July 9, 2020), report and recommendation adopted, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020) (declining to award any damages for infringer's profits absent sufficient evidence); Eva's Photography, Inc., 2020 WL 2904848, at *2 (same); McDermott, 2020 WL 2765045, at *4 (same); Pasatieri, 2020 WL 207352, at *5 (E.D.N.Y. Jan. 14, 2020) (same); Romanowicz v. Alister & Paine, Inc., No. 17 CV 8937, 2018 WL 4762980, at *5 (S.D.N.Y. Aug. 3, 2018) (same), report and recommendation adopted, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).

Accordingly, I respectfully recommend that plaintiff's request for $5,000 in actual damages and defendant's profits be denied without prejudice and with leave to renew provided plaintiff offers evidence of some reasonable basis for her computations.

### IV.     ATTORNEY'S FEES & COSTS

In addition to damages, plaintiff requests attorney's fees and costs as permitted under the Copyright Act. See 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."). However, "[a]n award under that statute is not automatic, but rather lies within the sole and rather broad discretion of the court." Dermansky v. Tel. Media, LLC, No. 19 CV 1149, 2020 WL 1233943, at *7 (E.D.N.Y. Mar. 13, 2020) (quotation marks and citations omitted).

Since I have recommended that plaintiff's application for damages be denied without prejudice and with leave to renew, I decline, at this juncture, to reach plaintiff's request for fees and costs. See Pasatieri, 2020 WL 207352, at *6 (refraining from analyzing costs where plaintiff did not provide sufficient evidence to support the claim for actual damages); Reena, 2019 WL 1061259, at *4 (same).

### CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted as to liability and denied without prejudice as to damages, attorney's fees and costs. Plaintiff must file any renewed motion for damages and costs within thirty (30) days.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendant by first-class mail, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to

file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

                                                Respectfully submitted,

                                                _____/s/_____
                                                ROBERT M. LEVY
                                                United States Magistrate Judge

Dated:  Brooklyn, New York
        October 19, 2020